STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-98-249

MANLEY C. GOVE, SR. And
TRI BERWICK REALTY, INC.,

Plaintiffs

v.

JONATHAN L. CARTER and
TOWN OF WELLS, MAINE,

Defendants

ORDER
AND
DECISION

DONALD L. GARBRIGHT
LAW LIBRARY

JAN 10 2001

The plaintiffs Manley C. Gove, Sr. and his company Tri Berwick Realty, Inc. have filed a four count amended complaint against the Town of Wells and its town manager Jonathan Carter. Count I is a defamation claim against defendant Carter arising from a November 7, 1996 complaint to the Maine Real Estate Commission regarding plaintiff Gove's attempts to market for the Eaton family a portion of Wells Beach, the ownership of which was disputed. Count II is a defamation claim against the Town based on the theory of vicarious liability. Counts III and IV are claims of tortious interference with prospective business directed at Mr. Carter and the Town respectively. The defendants have filed a motion for summary judgment. See *Eaton v. Town of Wells*, 2000 Me. 176, October 20, 2000 for a comprehensive decision regarding the dispute over the ownership of a portion of Wells Beach and the public's easement rights to that portion.

1

A dispute arose between the Town of Wells and members of the Eaton family regarding who owned a significant portion of Wells Beach. Mr. Gove and Tri-Berwick Realty attempted to sell portions of the beach that the Eatons believed that they owned. A letter of October 24, 1996 was sent by Mr. Gove to "Abuttors, Motel/Hotel and Condominium Owners" informing them that the Eaton heirs "own the beach property between yours and the Atlantic Ocean." The letter went on to state that the property was being sold and gave the selling price. The letter indicated that title insurance and a title certificate were also offered for sale and that, "Due to the high interest in this property, it would be advisable for you, should you be interested, to get in touch with me at your earliest convenience."

The dispute over beach ownership and the attempts to sell portions of it did generate "high interest" in Wells, a lengthy proceeding before the Superior Court, and an appeal to the Maine Supreme Judicial Court. The town's position was that it owned the beach or that, at least, the public had rights to use it. The final result was that the Eatons held title but the public had very extensive rights to use the beach. By letter dated November 7, 1996 Town Manager Carter filed a "complaint of ethical misconduct" against Mr. Gove with the Maine Real Estate Commission. The complaint was based on three grounds. First, Mr. Carter claimed that the Eaton Family had not completed a title search to substantiate their claim of ownership and that the claimed title insurance was not actually available. Second, Mr. Carter asserted that Mr. Gove had made sales related calls to a number of elderly homeowners who felt pressured and threatened. Third, Mr. Carter said that

2

property owners had called his office to complain about or question the letter and phone solicitations. The letter ended with a request that Mr. Gove stop his misleading solicitation and/or prove through documentation that he could provide warranty title, title insurance and a boundary survey. This complaint or the substance of the complaint came to the attention of the press who were attending a meeting of the Wells Selectmen on November 19, 1996. Two news accounts followed.

At the time that Mr. Gove sent his letter offering to sell a portion of the beach, title to the property and use of the beach was hotly disputed. Mr. Gove failed to mention the claims that the Town was also asserting.

The defendants have first argued that they are immune under the provisions of the Maine Tort Claims Act. I agree.

The Town as a governmental entity, see 14 M.R.S.A. §8102(2)(3), is, except as otherwise provided by statute, absolutely " . . . immune from suit on any and all tort claims seeking recovery of damages." See 14 M.R.S.A. §8103(1). None of the exceptions to immunity found at 14 M.R.S.A. §8104-A apply and the Town would, if liable under 14 M.R.S.A. §8104-A, which it is not, be immune under 14 M.R.S.A. §8104-B(3).

While a municipality may waive its immunity pursuant to 14 M.R.S.A. §8116, Wells did not do so. There is also no provision in the Maine Tort Claims Act for vicarious liability. Therefore, judgment should enter for the Town on Counts II and IV of the amended complaint.

3

The personal immunity of Mr. Carter is governed by 14 M.R.S.A. §8111(1), which reads as follows:

> **Immunity.** Notwithstanding any liability that may have existed at common law, employees of governmental entities shall be absolutely immune from personal civil liability for the following: **A.** Undertaking or failing to undertake any legislative or quasi-legislative act, including, but not limited to, the adoption or failure to adopt any statute, charter, ordinance, order, rule, policy, resolution or resolve; **B.** Undertaking or failing to undertake any judicial or quasi-judicial act, including, but not limited to, the granting, granting with conditions, refusal to grant or revocation of any license, permit, order or other administrative approval or denial; **C.** Performing or failing to perform any discretionary function or duty, whether or not the discretion is abused; and whether or not any statute, charter, ordinance, order, resolution, rule or resolve under which the discretionary function or duty is performed is valid; **D.** Performing or failing to perform any prosecutorial function involving civil, criminal or administrative enforcement; or **E.** Any intentional act or omission within the course and scope of employment; provided that such immunity shall not exist in any case in which an employee's actions are found to have been in bad faith. The absolute immunity provided by paragraph C shall be applicable whenever a discretionary act is reasonably encompassed by the duties of the governmental employee in question, regardless of whether the exercise of discretion is specifically authorized by statute, charter, ordinance, order, resolution, rule or resolve and shall be available to all governmental employees, including police officers and governmental employees involved in child welfare cases, who are required to exercise judgment or discretion in performing their official duties.

As town manager Mr. Carter had every right to bring his legitimate concerns before the Real Estate Commission on behalf of the residents of and property owners of the Town. This was well within his discretionary function as the Town Manager. The discretionary act of making the complaint is reasonably encompassed by the duties of a town manager regardless of whether any particular statute, charter, ordinance, order, resolution or resolve specifically stated that the Town Manager could make complaints to state boards.

4

The Law Court has identified four factors to consider in determining whether an action is encompassed within a discretionary function. Those factors are listed in *Grossman v. Richards*, 722 A.2d 371,4, 1998 Me. 9 ¶ 7 as follows:

> (1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program[,] or objective?
> (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective[,] as opposed to one which would not change the course or direction of the policy, program[,] or objective?
> (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved?
> (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision?

Here the challenged act does involve basic governmental policies and objectives regarding ownership of land that is crucial to the Town's economic well-being that the Town and the public had a claim to and the complaint involved consumer protection concerns on behalf of confused or worried citizens. The complaint to the Real Estate Commission was not absolutely essential but was useful to the realization of legitimate policies and objectives. The decision to make the complaint clearly required the exercise of basic policy evaluations, judgment and expertise. Lastly the Town, through its Town Manager, has the right to make such a complaint to protect both its own interests and, far more importantly, the interests of the public who were being subjected to a sales campaign based on what became, in part, inaccurate assumptions.

5

The same analysis holds even if the act of the Town Manager is broken down into separate acts of sending the complaint, getting the complaint on the Selectmen's agenda, and perhaps assisting in informing the press that a complaint had been made.

In addition, pursuant to 14 M.R.S.A. §8111(1)(E) the making of the complaint was within the course and scope of his employment and could not be found to have been in bad faith. It is important to remember that Mr. Gove's solicitation letter and sales efforts were based, though not directly stated, on the assumption, which turned out to be incorrect, that the Eatons owned the beach and that the public had no rights to it. Judgment should, therefore, also be entered for the defendant Carter on Counts I and III of the amended complaint.

While it is not necessary to reach these arguments there is substantial doubt as to whether any defamatory statements were made, whether the statements were non-actionable opinion, whether the statements were privileged, and whether defamation could exist in these circumstances when public issues were involved.

Lastly on the claims of tortious interference with prospective business, there is no indication that an advantageous relationship would have continued but for fraud, intimidation or misconduct. The letter was a straight forward complaint which properly raised legitimate concerns over whether the plaintiffs were promising more than they could actually deliver. Neither fraud, intimidation nor misconduct exist.

The entry is:

Judgment for the defendants on the amended complaint.

Dated:        January 8, 2001

_Paul A. Fritzsche_
Paul A. Fritzsche
Justice, Superior Court

Stephen C. Whiting, Esq. - PLS
Edward R. Benjamin, Jr., Esq. - DEFS